UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VEROBLUE FARMS USA, INC., § § *Plaintiff,* § § v. § § LESLIE A. WULF, BRUCE A. HALL, § JOHN E. REA, KEITH DRIVER, § JAMES REA, SEAN MANIACI, § CHRISTINE GAGNE, and § CANACCORD GENUITY, LLC, § § *Defendants,* § § v. § § EVA EBSTEIN, JENS § HAARKOETTER, BJORN § THELANDER, ANDERS WESTER, § NORMAN MCCOWAN, Dr. OTTO § HAPPEL, and ALDER AQUA, LTD. § § *Third-Party Defendants.* § § v. § § LESLIE A. WULF, BRUCE A. HALL, § JOHN E. REA, and JAMES REA, § § *Third-Party Plaintiffs.* § | Civil Action No. 3:19-CV-00764-X |

**MEMORANDUM OPINION AND ORDER**

VeroBlue Farms USA, Inc. (VeroBlue) moves for substitute service on Christine O'Brien, *nee* Gagne [Doc. No. 273]. The Court **GRANTS** the motion.[1]

---

[1] Under Section 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been

1

I.

VeroBlue filed this suit against Gagne—defendant Leslie Wulf's daughter—and other defendants for several claims. Through process servers, VeroBlue has attempted three times to personally serve Gagne at three different physical addresses. All three attempts were unsuccessful. VeroBlue claims it has exhausted all reasonable investigation and still cannot locate Gagne.

VeroBlue says that the most effective means of notifying Gagne of this lawsuit is by emailing the summons and complaint to Gagne's personal email address and serving the papers on Wulf. VeroBlue explains—through its counsel Adam Decker's declaration and attached exhibits—that Gagne has previously emailed VeroBlue's counsel from a certain email address in response to a third-party subpoena VeroBlue issued to Gagne before VeroBlue added Gagne as a defendant. Additionally, VeroBlue asserts that Wulf can communicate with his daughter, Gagne.

VeroBlue's motion to effect substitute service is supported by the declaration of Tom Gorgone, which details VeroBlue's September 26, 2019 unsuccessful attempt to personally serve Gagne in Spencer, West Virginia. It is also supported by the affidavit of Michael VanKeuren, which details VeroBlue's October 9, 2019 unsuccessful attempt to personally serve Gagne in China Grove, North Carolina, and VeroBlue's December 19, 2019 unsuccessful attempts to personally serve Gagne in Salisbury and China Grove, North Carolina.

---

written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

II.

Federal Rule of Civil Procedure 4(e)(1) provides that service can be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"[2] Texas law provides that when personal service has been unsuccessful,

> [u]pon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . but has not been successful, the court may authorize service . . . in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.[3]

In this case, "service has been attempted . . . but has not been successful."[4] VeroBlue's multiple attempts through a process server to serve Gagne at three different possible residences support the reasonable inference that any further attempts will also be unsuccessful. Additionally, VeroBlue's assertion that service through Gagne's email address will be reasonably effective is supported by the declaration of its counsel, Adam Decker. Therefore, on this record, the Court concludes that service through Gagne's email address, coupled with service through Wulf, is reasonably likely to give Gagne actual notice of this lawsuit.

Additionally, Rule 4(f), which governs service on individuals "at a place not within any judicial district of the United States,"[5] allows courts to order service "by

---

[2] FED. R. CIV. P. 4(e)(1).

[3] TEX. R. CIV. P. 106(b).

[4] *Id.*

[5] FED. R. CIV. P. 4(f).

other means not prohibited by international agreement."[6] Even if Gagne is not in the United States of America, the Court concludes that Rule 4(f) permits substitute service through Gagne's email and Wulf. This is because although Canada—where Gagne is allegedly a citizen—is a Hague Service Convention signatory, the Convention does not apply when "the address of the person to be served with the document is not known."[7] Here, VeroBlue has "exhausted all reasonable investigation into identifying other potential addresses for Gagne, but it is unable to determine Gagne's present whereabouts."[8]

### III.

Accordingly, the Court **GRANTS** VeroBlue's motion for substitute service on defendant Christine Gagne through her personal email address and through defendant Leslie Wulf.

**IT IS SO ORDERED** this 5th day of May 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[6] *Id.* 4(f)(3).

[7] *Convention Done at The Hague Nov. 15, 1965*, 20 U.S.T. 361, art. I (Feb. 10, 1969).

[8] Plaintiff's Motion for Substituted Service on Defendant Christine Gagne, Exhibit A (Declaration of Adam Decker) ¶ 4 [Doc. No. 273-1].